UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MICHAEL ROMAIN,                                                                    *DKT#:*

                           Plaintiff,                           **COMPLAINT**

  - against -                                                                         **JURY TRIAL DEMANDED**

                                                                                     **ECF CASE**

CITY OF NEW YORK, and
DETECTIVE JOSEPH FRANCO (SHIELD 7972);
POLICE OFFICER EVANS BELLAVOIX (SHIELD 7408)
UNDERCOVER POLICE OFFICER 391 (UC 391) of the Narcotics Borough Manhattan South
POLICE OFFICER "JOHN DOE" #1 through #10,
individually and in their official capacity.
 (the name "John Doe" being fictitious, or an alias,
as the true names are presently unknown),

                                          Defendants.
------------------------------------------------------------------------x

      Plaintiff, MICHAEL ROMAIN, by his attorneys, Sophia Solovyova and James Meyerson, complaining of the defendants, respectfully sets forth and alleges that:

## I. INTRODUCTION

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C §§ 1983 and 1988, for violations of the plaintiff's civil rights under the said statutes and the Constitutions of the State of New York and the United States.

## II. JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331, 1343 and 1367 (supplemental jurisdiction), in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, in conjunction with the Fourth and Fourteenth Amendments to the United States Constitution and the laws.

3. The plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

1

4. The pendent state law claims arise out of a common nucleus of operative facts that give rise to the federal claims. This is an action in which the plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States.

### III. VENUE

5. Venue resides in this Court pursuant to 28 U.S.C. Section 1391 (b) because the events giving rise to the asserted claims took place in the geographic boundaries of this District.

### IV. JURY DEMAND

6. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff requests a jury trial on the merits of his several claims.

### V. CONDITIONS PRECEDENT

7. Notice of Plaintiff's claims, the nature of the claims and the date, time, place and the manner in which the claims arose was duly served upon the City of New York on September 13, 2018.

8. Plaintiff submitted to a 50-H hearing as requested and conducted by defendants.

9. More than thirty days have elapsed since the Notice of claim has been served upon defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

10. This action was commenced within one year and ninety days after the causes of action arose.

### VI. PARTIES

11. The plaintiff, MICHAEL ROMAIN, is an African American male and a resident of the City and State of New York.

12. Defendant, The City of New York, was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

13. The City of New York maintains the New York City Police Department, authorized to perform all functions of a police department as per the applicable section of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

14. That at all times hereinafter mentioned, the individually named defendants, were duly sworn police officers of the City of New York Police Department and were acting under the supervision of said department and according to their official duties.

15. That at all relevant times, the defendants, either personally or though their employees, were acting under color of state law and /or in compliance with the official rules, laws, regulations, statutes, usages and/or practices of the State of New York and the City of New York.

16. That each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope and in the furtherance of their employment by defendant, City of New York.

17. Upon information and belief, Defendant Police Officer John Doe #1 through 10, a natural person, was an employee of Defendant City and is being sued individually and in his or her official capacity.

VII. FACTUAL ALLEGATIONS

18. On or about June 26, 2018, at approximately 5 PM, the plaintiff stood outside a store on Broadway between 27th and 28th Streets in Manhattan speaking with two acquaintances while waiting to start his afternoon shift as a delivery person for a food app. The conversation was about FIFA World Cup soccer championship taking place that week. Several other men unfamiliar to the plaintiff joined the conversation.

19. Shortly thereafter, about 7 or 8 undercover NYPD officers appeared on the scene and proceeded to arrest Mr. Romain. The plaintiff was searched but no contraband or currency was recovered from him. Nevertheless, the plaintiff was arrested, handcuffed, placed into the back of a police van, and transported to the precinct. On information and belief, the plaintiff was targeted by the defendant police officers because of his race as an African American.

20. Detective Joseph Franco, Officer Evans Bellavoix, Undercover Officer 391, and several John Does of the Narcotics Borough Manhattan South participated in the arrest of the plaintiff. The officers placed handcuffs very tightly on the plaintiff and refused to loosen them when he complained. As a result of being handcuffed in this matter for approximately two hours, the plaintiff sustained bruising on his wrists.

21. The plaintiff was transported to Central Bookings where he was fingerprinted, photographed, and searched.

22. While plaintiff was being detained, the defendants individually and/or collectively completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime under NYPL §221.40 (Criminal Sale of Marijuana in the 4th Degree).

23. The factual claims by the defendant officers were materially false and the

defendant officers knew them to be materially false at the time they first made them, and every time thereafter when they repeated them.

24. The defendant officers forwarded these false allegations to the New York County District Attorney ("NYCDA") in order to justify the arrest and to cause the NYCDA to formally commence the plaintiff's criminal prosecution. As a direct result of these false allegations by the defendant police officers; the plaintiff was criminally charged under Docket Number 2018NY028036.

25. After spending about 24 hours in custody, the plaintiff was released on his own recognizance at about 4pm the next day. On September 5, 2018, the plaintiff's criminal charges were dismissed on the motion of the District Attorney. The plaintiff was subject to criminal prosecution in New York County Criminal Court from June 26, 2018 to September 5, 2018.

26. There was no probable cause or other lawful basis for the June 26, 2018 stop, detention and eventual custodial arrest of the plaintiff by the New York City Police Officers, each of whom is an agent and employee of the City of New York.

27. The plaintiff was unlawfully stopped and detained on June 26, 2018 since there was no basis whatsoever (reasonable suspicion or otherwise) for the stop and detention; and he was subjected to a false arrest, unlawful search, and unlawful custodial detention and imprisonment; and the plaintiff was subjected to unreasonable and unnecessary force associated with his stop, detention, and custodial arrest and as well to unnecessary, excessive and unreasonable terms and conditions of his custodial arrest.

28. There was no probable cause basis or other legitimate law enforcement justification for charging the plaintiff with criminal activity.

29. Such preferral of the charges against the plaintiff was malicious; and it was not designed to advance of a legitimate law enforcement purposes but, rather, to advance a personal end.

30. The plaintiff was subjected to excessive and unnecessary and unreasonable physical force by Defendants.

31. The actions and conduct of the Defendant officers, individually and collectively and independent of each other and together collectively, violated rights guaranteed to the plaintiff under the Civil Rights Act of 1871, 42 U.S.C. Section 1983 and the Fourth, and Fourteenth Amendments to the United States Constitution.

32. On information and belief, it was the policy and/custom of the City of New York and its

Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the Defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the Defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff; and otherwise cause him injury and violate his state and federal constitutional rights.

33. On information and belief, the Defendant officers have been the subject of prior civilian and departmental complaints that put, or should have put, the Defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the Plaintiff herein.

34. Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

35. As a result of the above described policies and customs, police officers of the City of New York, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

36. The above described policies, practices, and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal guaranteed constitutional and statutory rights of persons within the City.

37. The above described policies and practices and customs propelled the actions and conduct of the Defendant police officers.

38. The plaintiff was unlawfully stopped and detained, and unlawfully searched, and falsely arrested and subjected to malicious prosecution and to the malicious abuse of criminal process and to excessive and unreasonable and unnecessary force and excessive and unreasonable conditions of his stops, detentions, and custodial arrests.

39. The actions, conduct, policies and practices and customs herein described interfered with the plaintiff's right to a fair trial and violated the plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

40. The plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, and psychological trauma and physical pain and suffering.
41. The plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.
42. The plaintiff has no other adequate remedy at law but for the institution of this litigation.

## VIII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

43. The plaintiff reiterates Paragraph #'s 1 through 42 and incorporates such by reference herein.
44. On June 26, 2018, the plaintiff was unlawfully stopped and detained and arrested in violation of his rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.
45. The Plaintiff suffered injuries and damages.

### SECOND CAUSE OF ACTION

46. The plaintiff reiterates Paragraph #'s 1 through 45 and incorporates such by reference herein.
47. The plaintiff was subjected to malicious prosecution as part of his arrest and preferral of charges against him associated therewith the June 26, 2018 arrest, which were propelled by malice, in violation of rights guaranteed to the Plaintiff under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.
48. The plaintiff suffered injuries and damages.

### THIRD CAUSE OF ACTION

49. The plaintiff reiterates Paragraph #'s 1 through 48 and incorporates such by reference herein.
50. The plaintiff was subjected to excessive and unreasonable detention and to excessive and unnecessary and unreasonable physical force [related to his handcuffing] and to unnecessary and unreasonable and excessive terms and conditions of his seizure in violation of his rights as guaranteed under the Fourth and Fourteenth Amendments to the

United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the laws and Constitution of the State of New York.

51. The plaintiff suffered injuries and damages.

## FOURTH CAUSE OF ACTION

52. The plaintiff reiterates Paragraph #'s 1 through 51 and incorporates such by reference herein.

53. Following the plaintiff's arrest, the defendant officers searched and/or strip-searched and/or caused the plaintiff and/or his property to be searched without any individualized reasonable suspicion that he was concealing weapons or contraband. As a result of the foregoing, the plaintiff was subjected to an illegal and improper search. The foregoing unlawful search violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

54. The plaintiff suffered injuries and damages.

## FIFTH CAUSE OF ACTION

55. The plaintiff reiterates Paragraph #'s 1 through 54 and incorporates such by reference herein.

56. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above. Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

57. The plaintiff suffered injuries and damages.

## SIXTH CAUSE OF ACTION

58. The plaintiff reiterates Paragraph #'s 1 through 57 and incorporates such by reference herein.

59. Each defendant officer created false evidence against the plaintiff and forwarded false evidence and false information to the prosecutors in the New York County District Attorney's office.

60. Each defendant officer was directly involved in the initiation and continuation of criminal

proceedings against the plaintiff.

61. Each defendant officer misrepresented and falsified evidence and/or withheld exculpatory evidence throughout all phases of the criminal proceeding.

62. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments to the United States Constitution.

63. The plaintiff suffered injuries and damages.

## SEVENTH CAUSE OF ACTION

64. The Plaintiff reiterates Paragraph #'s 1 through 63 and incorporates such by reference herein.

65. The policies, practices and customs, including the unconstitutional policy and practice of targeting individuals based on racial profiling still employed operationally by the NYPD, herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

66. The Plaintiff suffered injuries and damages.

## PENDANT STATE CLAIMS
## FIRST CLAIM FOR RELIEF
## FALSE ARREST, MALICIOUS PROSECUTION, ASSAULT AND BATTERY UNDER NEW YORK STATE COMMON LAW

67. plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "65" with the same force and effect as if fully set forth herein.

68. Defendants were directly and actively involved in the arrest, and initiation and continuation of criminal proceedings against MICHAEL ROMAIN.

69. Defendants lacked probable cause to arrest and initiate and to continue criminal proceedings against MICHAEL ROMAIN.

8

70. Defendants acted with malice in initiating and continuing criminal proceedings against MICHAEL ROMAIN.

71. The criminal proceedings were terminated in MICHAEL ROMAIN's favor when all criminal charges against him were dismissed on September 5, 2018 on the motion of the District Attorney.

72. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, strip-search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE

73. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. That Defendants had a duty to Plaintiff to refrain from subjecting him to malicious prosecution.

75. That the Defendants breached that duty when they subjected Plaintiff to malicious prosecution.

76. The plaintiff's injuries were proximately related to the actions of the Defendants.

77. That the foregoing injuries sustained by the Plaintiff were caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of the Defendants and without any negligence on the part of the Plaintiff, contributing thereto.

## THIRD CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendant CITY OF NEW YORK is required to supervise its various agents, servants, and employees, employed by the Defendant CITY OF NEW YORK.

80. That CITY OF NEW YORK created an unreasonable risk of harm to Plaintiff by failing to adequately supervise, control or otherwise monitor the activities of its employees, servants, and/or agents, including the defendants in this case.

81. That the defendant, CITY OF NEW YORK, caused damages by way of its negligent supervision; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant, CITY OF NEW YORK.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENT TRAINING

82. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendant CITY OF NEW YORK is required to adequately train its various agents, servants, and employees, including the defendants in this matter.

84. Defendant CITY OF NEW YORK created an unreasonable risk of harm to plaintiff by failing to adequately train its various agents, servants, and employees, including the defendants in this matter.

85. That the defendant, CITY OF NEW YORK, caused damages by way of its negligent training; and, the plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant.

## FIFTH CLAIM FOR RELIEF
## VICARIOUS LIABILITY and RESPONDEAT SUPERIOR

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. That the corporate defendant, CITY OF NEW YORK, is liable to the plaintiff for the acts and omissions and negligence of its various agents, servants, and employees, including the defendants in this matter., under the legal theories of "Vicarious Liability" and "Respondeat Superior".

## DAMAGES AND RELIEF REQUESTED

The plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke the jurisdiction of this Court.

[b] Award appropriate compensatory and punitive damages.

[c] Award appropriate declaratory and injunctive relief.

[d] Empanel a jury.

[e] Award attorney's fees and costs.

[f] Award such other and further relief as the Court deems to be in the interest of justice.

Dated:  New York, NY
        February 17, 2019

By:       /s/
Sophia Solovyova, Esq.
*Attorney(s) for the Plaintiff*
75 Broad Street; Suite 2120
New York, NY 10004
212 379 6471

           /m/
James Meyerson, Esq.
510 Fifth Avenue, 3rd Floor (#335)
New York, NY 10036
(917) 570-5369
jimeyerson@gmail.com